EMMA P. SHOURDS, Plaintiff, v. THOMAS H. ARMSTRONG, Defendant.*

Motion for a new trial upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance upon a nonsuit granted after a trial held at the Monroe County Court on May 28, 1931.

Plaintiff's exceptions overruled, motion for new trial denied, with costs, and judgment directed for the defendant upon the nonsuit, with costs. All concur, except Taylor and Thompson, JJ., who dissent and vote to sustain the exceptions and to grant a new trial, in a memorandum by Taylor, J. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Thompson, JJ.

TAYLOR, J. (dissenting). The jury might reasonably have found the following facts: That on June 30, 1926, Daniel Shourds made a gift to plaintiff of the $1,000 which was deposited in plaintiff's name in the First National Bank of Macedon by the check Exhibit 3; that plaintiff executed the affidavit, Exhibit 37, on April 21, 1928, and issued the several checks, Exhibits 15 to 31, all before she received the letter, Exhibit 12, written to her by defendant on September 23, 1928; that plaintiff did not appreciate or claim until after September 23, 1928, that the personal account of $1,000 established in her name in the Macedon Bank in June, 1926, was her money; that plaintiff fully trusted and relied on defendant as her coexecutor in estate affairs, and left administrative matters largely to his judgment and under his immediate direction and control; that the information which defendant obtained from the Macedon Bank officials and from his investigations prior to September 23, 1926, when plaintiff signed and delivered Exhibit 11 to him, fairly put defendant upon notice that this $1,000 account belonged to plaintiff; that defendant, with full knowledge that the $1,000 was on deposit in the Macedon Bank in plaintiff's name, fraudulently concealed from plaintiff his information as to the bank account and his belief that it belonged to the estate, but might be claimed by plaintiff as her own; that defendant, thus fraudulently making concealment and in pursuance of a plan to deceive plaintiff and fraudulently and unlawfully deprive her of possession and control of the bank account, induced plaintiff to transfer $858.06 of the account to the estate by Exhibit 11; that plaintiff was thereby deceived and induced to transfer the money to defendant in the belief that she was transferring estate money for estate purposes, and that it was in that

* Affd., 259 N. Y. ——.

belief that plaintiff participated in settling the estate; that as between plaintiff and defendant, plaintiff is entitled to the possession and control of this fund until deprived of it by due process of law; that plaintiff is entitled to a judgment of the court against defendant in the amount of $858.06, plus interest. The exceptions should be sustained and a new trial granted, with costs to appellant to abide the event. Thompson, J., concurs.